KLESTADT & WINTERS, LLP
Tracy L. Klestadt
Joseph C. Corneau
570 Seventh Avenue, 17th Floor
New York, New York 10018
(212) 972-3000

-and-

MOORE & VAN ALLEN PLLC
Stephen E. Grundel (*Pro Hac Vice* Admission Pending)
Gabriel Mathless (*Pro Hac Vice* Admission Pending)
100 North Tryon Street, Suite 4700
Charlotte, North Carolina 28202

*Attorneys for Stellus Capital Investment Corporation*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| Binder & Binder – The National Social Security Disability Advocates (NY), LLC, *et al*. | Case No. 14-23728(RDD) |
| | (Joint Administration Pending) |
| Debtors. | |

**PRELIMINARY OBJECTION OF STELLUS CAPITAL INVESTMENT CORPORATION TO DEBTORS' MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS (I) APPROVING POST-PETITION SENIOR SECURED FINANCING, (II) AUTHORIZING USE OF CASH COLLATERAL, (III) GRANTING ADEQUATE <u>PROTECTION, AND (IV) MODIFYING THE AUTOMATIC STAY</u>**

Stellus Capital Investment Corporation ("Stellus"), by and through its counsel, Klestadt

& Winters, LLP and Moore & Van Allen PLLC, hereby submits this Preliminary Objection (the

1

"Objection")[1] to the Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing Post-Petition Senior Secured Financing, (II) Authorizing Use of Cash Collateral, (III) Granting Adequate Protection, and (IV) Modifying the Automatic Stay (the "Financing Motion") [Docket No 14]. In support of the Objection, Stellus respectfully represents and states as follows:

### Preliminary Statement

The Financing Motion seeks approval of the immediate repayment, or rollup, of the Debtors' Pre-Petition Obligations[2], less than two (2) business days after the filing of the Chapter 11 Cases, without a meaningful (or any, for that matter) opportunity for any party in interest to consider the consequences of the rollup to unsecured creditors and other parties in interest. The rollup should not be permitted unless and until an Estate Representative (as described below) has the opportunity to investigate the nature, extent and validity of the Pre-Petition Liens and any potential defenses or claims against the Pre-Petition Lenders. The Financing Motion also seeks approval of several other onerous terms that should not be considered until an Estate Representative is appointed herein, and some of which should not be approved at all.

### Background

1.      On December 18, 2014 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under Chapter 11 of Title 11, United States Code. The Debtors continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

---

[1] This Objection is being filed with very limited time to review the Financing Motion, and without the benefit of seeing the definitive documents or the proposed interim order. Stellus therefore reserves the right to supplement this Objection prior to a final hearing on the Financing Motion.

[2] Capitalized terms not defined herein shall have the meaning ascribed to them in the Financing Motion.

2. No trustee, examiner or official committee of unsecured creditors has been appointed herein.

3. Stellus is listed in the Petition filed by Debtor Binder & Binder – The National Social Security Disability Advocates (NY), LLC as the Debtors' single largest unsecured creditor, owed $16,748,577.70.

**Objection**

4. The Financing Motion, as proposed, seeks immediate approval of very onerous terms with minimal notice, and without the input of a fiduciary for the Debtors' estates.

5. Specifically, the Financing Motion seeks approval of the payment, or rollup, of the Debtors' Pre-Petition Obligations to the Pre-Petition Lenders of approximately $23,048,233 upon entry of an interim order from the proceeds of the DIP Credit Facility. The Pre-Petition Lenders' requirement of a rollup of over $23 million in debt in exchange for a $3 million DIP loan at this nascent stage of the Chapter 11 Cases is clearly an effort to preclude any meaningful review of the Pre-Petition Facility or the Pre-Petition Liens that should not be permitted.

6. While rollups are occasionally permitted, if it is ultimately determined that the rolled-up debt was under-secured or otherwise subject to challenge, the rights of an official committee of unsecured creditors or other party in interest (an "Estate Representative") to challenge the rollup on behalf of the Debtors' estate and clawback the payments on account of the Pre-Petition Obligations should be expressly reserved.

7. The Financing Motion also includes[3] the following onerous terms that can only be intended to preclude any review or criticism of the Pre-Petition Facility and the Pre-Petition Liens, to the serious detriment of the Debtors' estates:

- A release by the Debtors[4] of the Pre-Petition Agent, Pre-Petition L/C Issuer, Pre-Petition Lenders, DIP Agent and DIP Lenders from all claims arising under sections 502(d), 544, 547, 548, 549, 550, or 553 of the Bankruptcy Code (although it is unclear whether this release is intended to also bar an Estate Representative to sue under these causes of action on behalf of the Debtors' estates);

- It is an Event of Default if *any party in interest* files an adversary proceeding against the DIP Agent, any DIP Lender, the Pre-Petition Agent, the Pre-Petition L/C Issuer, any Pre-Petition Lender or any of their respective interests *for any reason*;

8. The Financing Motion also suffers from the lack of ordinary terms in post-petition financing:

- No specific reservation for an Estate Representative or another party in interest to challenge the Pre-Petition Obligations or Pre-Petition Liens;

- No time or budget for an Estate Representative to review or challenge (a "Challenge") the Pre-Petition Liens before the repayment of the Pre-Petition Obligations (or at any other time before the releases described above go into effect);

- No provision preserving disgorgement of payment of any Pre-Petition Obligations if a Challenge by an Estate Representative was made and was successful.

9. Once it is established that the Debtors need to borrow to preserve estate assets, the Court must then consider whether the terms of the proposed financing "would tilt the conduct of the bankruptcy case; prejudice, at an early stage, the powers and rights that the Bankruptcy

---

[3] Stellus is limiting its discussion to a few selected onerous terms but believes that there are many others, including, for example, the ability to seek appointment of a receiver in some other court upon a Termination Event with no opportunity for the Debtors to oppose such an appointment.

4

Code confers for the benefit of all creditors; or leverage the Chapter 11 process by preventing motions by parties-in-interest from being decided on their merits." In re Barbara K. Enterprises, Inc., 2008 WL 2439649, *8 (Bankr. S.D.N.Y. 2008), citing, In re Ames Dep't Stores, Inc., 115 B.R. 34, 37 (Bankr. S.D.N.Y. 1990). When viewed against these concerns, it is clear that the DIP Lenders are in complete control and by imposing the terms that they have, intend to eliminate any critical review of the Pre-Petition Liens or Pre-Petition Obligations, *by any party*.

10.     Stellus therefore requests that any interim order granting the Financing Motion (a) defer the payoff of the Pre-Petition Obligations effectuated by the Rollup and authorizing only what financing is necessary to preserve the Debtors' assets at this time consistent with Federal Rule of Bankruptcy Procedure 4001(c)(2); (b) provide a clear reservation of rights for an Estate Representative to challenge the Pre-Petition Liens and otherwise review the Pre-Petition Obligations and expressly provide that the releases provided by the Debtors are not binding on the Debtors' estates until the expiration of a Challenge Period; and (c) provide an adequate period of time (a "Challenge Period") of at least ninety (90) days from the date of the appointment of a Committee or notice by the U.S. Trustee that a Committee cannot be appointed for an Estate Representative to commence a challenge before the releases are binding on the Debtors' estates; and (d) strike the prohibition on adversary proceedings as contrary to the Bankruptcy Code.

## Conclusion

It is clear from only an abbreviated review of the DIP Motion that the DIP Lenders are demanding terms from the Debtors that deny all other parties in interest any meaningful

---

[4] It is unclear from the Financing Motion if this release by the Debtors is binding on the Debtors' estates.

opportunity to participate in these Chapter 11 Cases. The rollup should be denied or at least deferred and only that financing that is necessary to preserve the Debtors' estates should be authorized at this time.

**WHEREFORE**, Stellus respectfully requests that the Court (a) deny the Financing Motion; (b) deny those portions of the Financing Motion referred to herein; and (c) grant such other or further relief as may be just under the circumstances.

Dated: New York, New York
December 21, 2014

                KLESTADT & WINTERS, LLP

                By: _/s/ Tracy L. Klestadt___
                    Tracy L. Klestadt
                    Joseph C. Corneau
                570 Seventh Avenue, 17th Floor
                New York, NY 10018-1603
                (212) 972-3000

                    -and-

                MOORE & VAN ALLEN PLLC
                Stephen E. Grundel
                Gabriel Mathless
                100 North Tryon Street, Suite 4700
                Charlotte, North Carolina 28202

                *Attorneys for Stellus Capital Investment Corporation*