**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Binder & Binder – The National Social Security Disability Advocates (NY), LLC, *et al.*,[1] | Case No. 14-23728 (RDD) |
| | (Joint Administration Requested) |
| Debtors. | |

**ORDER AUTHORIZING THE DEBTORS TO (A) PAY CERTAIN PREPETITION WAGES, REIMBURSABLE EMPLOYEE EXPENSES AND OTHER EMPLOYEE COMPENSATION, (B) HONOR CERTAIN EMPLOYEE BENEFITS AND (C) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the Debtors for entry of an order (the "Order") (i) authorizing the Debtors (a) to pay prepetition wages, salaries and other compensation, taxes, withholdings and related costs and reimbursable employee expenses and (b) honor obligations relating to certain employee benefit programs, and (ii) directing all financial institutions to honor prepetition checks and electronic payment requests related to the foregoing; and upon consideration of the First Day Declaration; and it appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b), that the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and there being due and sufficient notice of the Motion under the circumstances; and upon the record of the hearing held by the Court on the Motion on

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: (1) Binder & Binder - The National Social Security Disability Advocates (NY), LLC (1450); (2) SSDI Holdings, Inc. (3038); (3) Binder & Binder - The National Social Security Disability Advocates LLC (8580); (4) Binder & Binder - The National Social Security Disability Advocates (AZ), LLC (5887); (5) Binder & Binder - The National Social Security Disability Advocates (CA), LLC (1456); (6) Binder & Binder - The National Social Security Disability Advocates (CO), LLC (0945); (7) Binder & Binder - The National Social Security Disability Advocates (CT), LLC (0206); (8) Binder & Binder - The National Social Security Disability Advocates (FL), LLC (1455); (9) Binder & Binder - The National Social Security Disability Advocates (GA), LLC (4768);   (10) Binder & Binder - The National Social Security Disability Advocates (IL), LLC (1457); (11) Binder & Binder - The National Social Security Disability Advocates (MD), LLC (3760); (12) Binder & Binder - The National Social Security Disability Advocates (MO), LLC (2108); (13) Binder & Binder - The National Social Security Disability Advocates (NJ), LLC (1454); (14) Binder & Binder - The National Social Security Disability Advocates (NC), LLC (1460); (15) Binder & Binder - The National Social Security Disability Advocates (OH), LLC (7827); (16) Binder & Binder - The National Social Security Disability Advocates (PA), LLC (1453); (17) Binder & Binder - The National Social Security Disability Advocates (TX), LLC (1458); (18) Binder & Binder - The National Social Security Disability Advocates VA, LLC (7875); (19) Binder & Binder - The National Social Security Disability Advocates (WA), LLC (0225); (20) Binder & Binder - The National Social Security Disability Advocates (LA), LLC (8426); (21) Binder & Binder - The National Social Security Disability Advocates (MI), LLC (8762); (22) Binder & Binder - The National Social Security Disability Advocates (DC), LLC (5265); (23) The Rep for Vets LLC (6421); (24) National Veterans Disability Advocates LLC (dba The Rep for Vets LLC) (7468); and (25) The Social Security Express Ltd. (4960) (together, the "Debtors").

[2]   All capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

30292/2
12/22/2014 33628575.2

-2-

December 22, 2014; and Court having determined that granting the relief requested in the Motion is in the best interests of the Debtors, their estates and creditors, in that it provides a material net benefit to the Debtors' estates after taking into account the priority scheme of the Bankruptcy Code; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is **GRANTED** as set forth below.

2. The Debtors are authorized, but not directed, to pay and honor, all Prepetition Obligations which do not exceed the Statutory Cap under 11 U.S.C. §507(a).

3. The Debtors and any applicable third parties are authorized to continue to allocate and distribute Deductions and Payroll Taxes to the appropriate third-party recipients or taxing authorities in accordance with the Debtors' stated policies and prepetition practices.

4. The Debtors are authorized, but not directed, to pay any and all Processing Costs in the ordinary course of business.

5. Nothing herein shall be deemed to authorize the payment of any amounts that may be subject to section 503(c) of the Bankruptcy Code, and nothing herein authorizes payments that are not authorized under any orders approving postpetition financing for the Debtors.

6. In accordance with this Order and any other order of this Court, Banks are authorized and directed to honor checks presented for payment and fund all transfer requests made by the Debtors related to the Prepetition Obligations to the extent that sufficient funds are on deposit in such accounts.

7. The Debtors are authorized to issue postpetition checks, or to affect postpetition fund transfer requests in replacement of any checks or fund transfer requests that are dishonored as a consequence of the Chapter 11 Cases with respect to prepetition amounts owed in connection with any Prepetition Obligations authorized to be paid by this Order. Banks may rely on the representations of the Debtors as to which checks or electronic transfers are in payment of the Prepetition Obligations.

8. Nothing contained herein is intended or should be construed to create an administrative priority claim on account of the Prepetition Obligations.

9. Nothing contained in the Motion or this Order shall be deemed or construed as an admission as to the validity or priority of any claim against the Debtors or any approval or assumption of any agreement, contract or lease pursuant to section 365 of the Bankruptcy Code.

10. The requirements set forth in Bankruptcy Rule 6003(b) are satisfied by the contents of the Motion or otherwise deemed waived.

11. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

12. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of the local rules of this Court are satisfied by such notice.

13. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry, for cause.

14. The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: White Plains, New York
        December 22, 2014

                                        /s/ Robert D. Drain_____
                                        UNITED STATES BANKRUPTCY JUDGE