**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Binder & Binder – The National Social Security Disability Advocates (NY), LLC, *et al.*,[1] | Case No. 14-23728 (RDD) |
| | (Joint Administration Requested) |
| Debtors. | |

**ORDER PURSUANT TO 11 U.S.C. §§ 105(a), 363(b) AND 364(c)(2) (I) AUTHORIZING THE DEBTORS TO (A) MAINTAIN PREPETITION INSURANCE COVERAGE AND PAY ALL RELATED OBLIGATIONS THEREUNDER, (B) MAINTAIN PREPETITION PREMIUM FINANCING AGREEMENTS, PAY ALL OBLIGATIONS THEREUNDER AND CONTINUE GRANT OF SECURITY INTERESTS TO PREMIUM FINANCE COMPANIES, AND (C) ENTER INTO NEW INSURANCE POLICIES AND (II) AUTHORIZING AND DIRECTING FINANCIAL INSTITUTIONS TO HONOR RELATED CHECKS AND TRANSFERS**

Upon consideration of the motion (the "Motion")[2] of the Debtors for entry of an order, pursuant to sections 105(a), 363(b), 364(c)(2) and 503(b) of the Bankruptcy Code, (i) authorizing, but not directing, the Debtors to (a) maintain prepetition insurance coverage and pay all related obligations thereunder; (b) maintain prepetition premium financing agreements, pay all obligations thereunder and continue grant of security interests to premium finance companies, and (c) enter into new insurance policies and (ii) authorizing and directing financial institutions to honor related checks and transfers; and upon consideration of the First Day

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: (1) Binder & Binder - The National Social Security Disability Advocates (NY), LLC (1450); (2) SSDI Holdings, Inc. (3038); (3) Binder & Binder - The National Social Security Disability Advocates LLC (8580); (4) Binder & Binder - The National Social Security Disability Advocates (AZ), LLC (5887); (5) Binder & Binder - The National Social Security Disability Advocates (CA), LLC (1456); (6) Binder & Binder - The National Social Security Disability Advocates (CO), LLC (0945); (7) Binder & Binder - The National Social Security Disability Advocates (CT), LLC (0206); (8) Binder & Binder - The National Social Security Disability Advocates (FL), LLC (1455); (9) Binder & Binder - The National Social Security Disability Advocates (GA), LLC (4768);   (10) Binder & Binder - The National Social Security Disability Advocates (IL), LLC (1457); (11) Binder & Binder - The National Social Security Disability Advocates (MD), LLC (3760); (12) Binder & Binder - The National Social Security Disability Advocates (MO), LLC (2108); (13) Binder & Binder - The National Social Security Disability Advocates (NJ), LLC (1454); (14) Binder & Binder - The National Social Security Disability Advocates (NC), LLC (1460); (15) Binder & Binder - The National Social Security Disability Advocates (OH), LLC (7827); (16) Binder & Binder - The National Social Security Disability Advocates (PA), LLC (1453); (17) Binder & Binder - The National Social Security Disability Advocates (TX), LLC (1458); (18) Binder & Binder - The National Social Security Disability Advocates VA, LLC (7875); (19) Binder & Binder - The National Social Security Disability Advocates (WA), LLC (0225); (20) Binder & Binder - The National Social Security Disability Advocates (LA), LLC (8426); (21) Binder & Binder - The National Social Security Disability Advocates (MI), LLC (8762); (22) Binder & Binder - The National Social Security Disability Advocates (DC), LLC (5265); (23) The Rep for Vets LLC (6421); (24) National Veterans Disability Advocates LLC (dba The Rep for Vets LLC) (7468); and (25) The Social Security Express Ltd. (4960) (together, the "Debtors").

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2) in which the Court may enter a final order; and venue being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and there being due and sufficient notice of the Motion under the circumstances; and upon the record of the hearing held by the Court on the Motion on December 22, 2014; and there being no objections to the requested relief; and the Court having determined that granting the relief requested in the Motion is in the best interests of the Debtors, their estates and creditors; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is **GRANTED** as set forth herein.

2. The Debtors are authorized, but not directed, to maintain the Insurance Policies in accordance with the practices and procedures that were in effect before the Petition Date and pay, in their discretion, all obligations arising under or in connection with the Insurance Policies, regardless of whether such obligations arose or relate to the period before or after the Petition Date.

3. The Debtors are authorized, but not directed, to maintain the Insurance Financing Agreements, make all payments thereunder and continue the grant to AON Premium Finance, LLC and AFCO Credit Corporation security interests in the Insurance Policies and their proceeds as security for the Debtors' performance of their obligations under the Insurance Financing Agreements.

4. The Debtors are authorized, but not directed, to continue honoring, in the ordinary course of business, their workers' compensation obligations as required by applicable law.

5. The Debtors are authorized, but not directed, to renew or enter into new insurance premium financing arrangements as the terms of the existing arrangements expire and consistent with prepetition practice, without further order of the Court.

6. The Debtors are authorized, but not directed, as and only if necessary, to renew their current Insurance Policies, or to obtain replacement coverage, in the ordinary course of business and consistent with prepetition practice.

7. The financial institutions with which the Debtors maintain accounts are authorized to receive, process, honor and pay any and all checks or wire transfer requests in respect of the Insurance Policies.

8. Neither the provisions contained herein, nor any actions or payments made by the Debtors under this Order, shall be deemed an assumption of any executory contract arising out of an existing financing program, agreement or contract, or otherwise shall constitute a waiver of the Debtors' rights under section 365 of the Bankruptcy Code or an admission by the Debtors that any such financing program, agreement or contract constitutes an executory contract within the meaning of section 365 of the Bankruptcy Code.

9. Neither the provisions contained herein, nor any actions or payments made by the Debtors under this Order, shall be deemed an admission as to the validity of the underlying obligation, a waiver of any rights the Debtors may have to subsequently dispute such obligation, or an assumption or rejection of any executory contract.

10. The requirements of Bankruptcy Rule 6003(b) have been satisfied with respect to the payments authorized by this Order.

11. The requirements set forth in Bankruptcy Rule 6004(a) are hereby waived for cause, and, pursuant to Bankruptcy Rule 6004(h), the terms and provisions of this Order shall be immediately effective and enforceable upon its entry.

12. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: White Plains, New York
December 22, 2014

/s/ Robert D. Drain_____
UNITED STATES BANKRUPTCY JUDGE