**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>Binder & Binder – The National Social Security Disability Advocates (NY), LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 14-23728 (RDD)<br><br>(Joint Administration Requested) |

**ORDER (A) WAIVING THE REQUIREMENT THAT EACH DEBTOR FILE A LIST OF CREDITORS, (B) AUTHORIZING SERVICE OF ALL PLEADINGS ON A CONSOLIDATED LIST OF TOP 20 UNSECURED CREDITORS, (C) AUTHORIZING MAINTENANCE OF CONSOLIDATED LIST OF CREDITORS IN LIEU OF MATRIX, AND (D) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the Debtors for entry of an order (a) waiving the requirement that each debtor file a list of creditors on the Petition Date pursuant to section 521(a)(1) of the Bankruptcy Code and Bankruptcy Rule 1007(a)(1) (collectively, the "Notice Rules"), (b) authorizing the service of all pleadings on a consolidated list of the Debtors' top 20 unsecured creditors, (c) authorizing maintenance of consolidated list of creditors in lieu of matrix, and (d) and granting related relief; and upon consideration of the First Day Declaration; and it appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b), that the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: (1) Binder & Binder - The National Social Security Disability Advocates (NY), LLC (1450); (2) SSDI Holdings, Inc. (3038); (3) Binder & Binder - The National Social Security Disability Advocates LLC (8580); (4) Binder & Binder - The National Social Security Disability Advocates (AZ), LLC (5887); (5) Binder & Binder - The National Social Security Disability Advocates (CA), LLC (1456); (6) Binder & Binder - The National Social Security Disability Advocates (CO), LLC (0945); (7) Binder & Binder - The National Social Security Disability Advocates (CT), LLC (0206); (8) Binder & Binder - The National Social Security Disability Advocates (FL), LLC (1455); (9) Binder & Binder - The National Social Security Disability Advocates (GA), LLC (4768);   (10) Binder & Binder - The National Social Security Disability Advocates (IL), LLC (1457); (11) Binder & Binder - The National Social Security Disability Advocates (MD), LLC (3760); (12) Binder & Binder - The National Social Security Disability Advocates (MO), LLC (2108); (13) Binder & Binder - The National Social Security Disability Advocates (NJ), LLC (1454); (14) Binder & Binder - The National Social Security Disability Advocates (NC), LLC (1460); (15) Binder & Binder - The National Social Security Disability Advocates (OH), LLC (7827); (16) Binder & Binder - The National Social Security Disability Advocates (PA), LLC (1453); (17) Binder & Binder - The National Social Security Disability Advocates (TX), LLC (1458); (18) Binder & Binder - The National Social Security Disability Advocates VA, LLC (7875); (19) Binder & Binder - The National Social Security Disability Advocates (WA), LLC (0225); (20) Binder & Binder - The National Social Security Disability Advocates (LA), LLC (8426); (21) Binder & Binder - The National Social Security Disability Advocates (MI), LLC (8762); (22) Binder & Binder - The National Social Security Disability Advocates (DC), LLC (5265); (23) The Rep for Vets LLC (6421); (24) National Veterans Disability Advocates LLC (dba The Rep for Vets LLC) (7468); and (25) The Social Security Express Ltd. (4960) (together, the "Debtors").

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

30292/2
12/22/2014 **33568763**.1

venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that notice of the Motion was sufficient under the circumstances; and upon the record of the hearing held by the Court on the Motion on December 22, 2014; and there being no objections to the requested relief; and the Court having determined that granting the relief requested in the Motion is in the best interests of the Debtors and their estates and creditors; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is **GRANTED** as set forth below.

2. The Debtors are authorized (but not required) to serve all pleadings filed in these Chapter 11 Cases on the Debtors' 20 largest unsecured creditors on a consolidated basis.

3. In lieu of submitting a formatted mailing matrix to the Clerk of the Court and filing such matrix on the case docket, the Debtors shall promptly make available a single, consolidated list of all of the Debtors' creditors in electronic form to any party who so requests and in nonelectronic form at such requesting party's sole cost and expense.

4. The Debtors, with the assistance of the proposed claims agent, are authorized, but not directed, to mail initial notices, such as (a) a notice of filing the Chapter 11 Cases and (b) any correspondence the Debtors may wish to send to creditors and equity security holders as part of the Debtors' communication efforts to keep their creditors and equity security holders informed with respect to the status of these Chapter 11 Cases.

5. The Debtors, with the assistance of the proposed claims agent, are authorized to undertake all mailings directed by the Court, the United States Trustee, or as required by the Bankruptcy Code, including, but not limited to, the Combined Notice and any other correspondence that the Debtors may wish to send to creditors and equity security holders.

6. All Filings and Adversary Pleadings are subject to the following Notice Procedures:

a. The Debtors shall establish a master service list (the "Master Service List"), listing the parties upon which all pleadings will be served, which will include: (i) bankruptcy counsel for the Debtors, (ii) the Debtors' 20 largest unsecured creditors, on a consolidated basis, (iii) Counsel to Debtors' secured creditors, (iv) counsel to the Debtors' pre- and postpetition lenders, as appropriate, (v) counsel for any official committee or committees appointed pursuant to the Bankruptcy Rules or the Bankruptcy Code, (vi) the U.S. Trustee, and (vii) all other persons that have formally appeared and requested notice or copies of pleadings filed in these cases under Bankruptcy Rule 2002 (as provided below).

b. Notice of any relief sought or other pleadings in the Chapter 11 Cases will be served only on: (a) the parties then listed in the Master Service List; (b) any parties that have, pursuant to Bankruptcy Rule 2002, formally appeared and requested service in the manner provided below following the most recent version of the Master Service List filed with the Court; and (c) any party whose interests are directly affected by such pleading;

c. Notice shall be limited to the entities on the Master Service List for all matters covered by Bankruptcy Rule 2002 and the Local Rules, with the exception of notice of the first Bankruptcy Code Section 341 Meeting, to the extent applicable, where notice will be provided to all parties in interest in accordance with Bankruptcy Rule 2002 or any order of the Court, unless otherwise prescribed by the Bankruptcy Code;

d. Any party in interest who wishes to receive notice of pleadings filed in these Chapter 11 Cases shall be required to file a written notice of appearance and request for notice and service of papers (each a "2002 Notice"), which shall include such party's: (i) name, (ii) address, (iii) name of client, if applicable, (iv) telephone number, (v) facsimile number, and (vi) only one email address;

e. If a 2002 Notice fails to include an email address, the party filing the 2002 Notice shall not be added to the Master Service List and will not be served with copies of pleadings and documents filed in these Chapter 11 Cases unless such pleadings and/or documents directly affect such party;

f. all pleadings and documents filed with the Court in these Chapter 11 Cases, including the initiation of adversary proceedings, shall be served by facsimile, regular mail, or email on the Master Service List, which shall be deemed to constitute proper service for all purposes on all parties who are sent such email service, with a hard copy to the Court's chambers. All pleadings and documents served via email shall be in portable document

-3-

format ("PDF"), if available, and the subject line of the email shall indicate the Debtors' case name and the name of the party filing and serving such pleadings and/or documents (*e.g.,* Binder & Binder – The National Social Security Disability Advocates (NY), LLC, *et al.,* Case No. 14-23728 (RDD) (Jointly Administered) – Service by Debtors). Further, parties shall include the title(s) of the pleadings(s) and/or document(s) being served in the text of the email;

g.  the Debtors shall update the Master Service List from time to time, but no less frequently than on a weekly basis, to include the names and addresses of any party in interest who has filed a 2002 Notice following the most recent version of the Master Service List. The Master Service List will be maintained by the Debtors, but will not be posted on the docket of these cases. Any party wishing to be removed from the Master Service List must file a notice on the docket withdrawing its appearance in these Chapter 11 Cases; and

h.  the Debtors shall submit to the Court upon the completion of noticing any particular matter either an affidavit of service or certification of service annexing the list of parties who received notice of such matter.

7.  All Responses need only be served by email on the counsel who filed and served such Filings and on the Master Service List, with a hard copy to the Court's chambers and the U.S. Trustee in accordance with any applicable requirements imposed by the Court, provided that all subsequent Adversary Pleadings filed shall be served only on the U.S. Trustee, any statutory committee appointed in these cases, and the parties directly affected by such adversary proceeding (with a hard copy to the Court's chambers). Responses are served so as to be actually received by such parties on or prior to the applicable filing deadline.

8.  The Debtors and BMC are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

9.  The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this order.

Dated: White Plains, New York
      December 22, 2014

/s/ Robert D. Drain
UNITED STATES BANKRUPTCY JUDGE

-4-